FILED

FEB 06 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re 17 U.S.C. § 512(h) Subpoena to YouTube, LLC<br><br>BONGSEOP KIM, WOOHYUK YANG, and YOUNGYOON KO,<br><br>Movants,<br><br>v.<br><br>KADOKAWA CORPORATION,<br><br>Petitioner. | BK.<br><br>Case No. 26-~~cv~~ mc-80008-TSH<br><br>MOTION TO QUASH SUBPOENA |

Pro Se movants Bongseop Kim, Woohyuk Yang, and Youngyoon Ko (collectively "Movants") respectfully move this Court for an order quashing the DMCA subpoena issued to YouTube, LLC at the request of KADOKAWA Corporation ("Petitioner").

The Subpoena seeks the disclosure of Movants' personally identifiable information (PII) based on allegations of copyright infringement. However, the Subpoena is legally deficient and should be quashed.

## I. STATEMENT OF FACTS

Movants are South Korean nationals residing in the Republic of Korea. They operate Korean-language YouTube channels dedicated to animation reviews, subjective analysis, and cultural commentary. More than 92% to 96% of Movants' viewers are based in South Korea. *See* Exhibit A. Their content is not intended for an audience in the United States.

Petitioner has a documented history of asserting copyright claims against these specific Movants and then voluntarily withdrawing those claims after receiving legal counter-notifications. *See* Exhibit B. These withdrawals occurred on dates including September 10, 2024; December 5,

2024; January 20 and 29, 2025; April 24, 2025; May 15, 2025; July 16, 2025; and September 22, 2025. *Id.*

Movants' videos are transformative. They feature original narration, character-based avatars, and critical analysis. Furthermore, Movants actively support the legitimate market by providing links to "Laftel," a licensed streaming platform in Korea, to encourage legal consumption. *See* Exhibit C.

## II. ARGUMENT

### A. The Court Lacks Personal Jurisdiction Over Movants.

"Jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state." *Panavision Int'l, Ltd. P'hip v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (citing *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Personal jurisdiction can be based upon: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered - and which the defendant knows is likely to be suffered - in the forum state." *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486 (9th Cir. 1993).

Here, Movants have not purposefully directed their activities toward the United States. They are South Korean nationals residing in South Korea who create content exclusively in the Korean language for a Korean audience. YouTube analytics confirm that 92% to 96% of their viewership originates from South Korea, with less than one percent from the United States. *See* Exhibit A. Movants do not advertise in the United States, do not target U.S. viewers, and do not derive revenue from U.S.-based transactions.

Importantly, although the subpoena is formally directed to YouTube, LLC, the practical effect of a § 512(h) subpoena is the compelled unmasking of an individual user. Courts therefore scrutinize such subpoenas as extraordinary remedies that implicate privacy and due process interests, particularly where the targeted user is a foreign national with no meaningful U.S. contacts. Compelling disclosure of Movants' identities would constitute an end-run around jurisdictional limits, allowing a U.S. court to impose irreversible consequences on foreign individuals without the "minimum contacts" required by due process.

### B. Applicable Law Is Unclear Under the Berne Convention and International Principles

Independent of jurisdictional considerations, this matter presents clear international elements implicating multiple legal systems. Article 5(2) of the Berne Convention provides that the enjoyment and exercise of copyright shall be governed by the law of the country where protection is claimed.

In this case, Movants produce all content exclusively in the Korean language for a Korean audience. *See* Exhibit A. Movants submitted counter-notifications asserting non-infringement and fair use, after which KADOKAWA withdrew its copyright claims. *See* Exhibits B and D. Petitioner, KADOKAWA, is a Japanese corporation. *See* ECF 1. Accordingly, this matter involves content creators and a primary audience in South Korea, a copyright holder in Japan, and only a minimal connection to the United States. Where no court has yet adjudicated whether copyright infringement has occurred—under U.S. law, Korean law, or otherwise—compelling disclosure is premature.

### C. Copyright Infringement Has Not Been Established and Cannot Be Presumed at This Stage.

In multiple prior instances involving substantially similar content, KADOKAWA withdrew copyright claims after reviewing Movants' counter-notifications, without any judicial determination of copyright infringement. *See* Exhibit B. Furthermore, Movants' videos are transformative by design and do not substitute for the original works; instead, they serve a promotional function by directing viewers to licensed streaming platforms like "Laftel," as evidenced by the links and references provided in their video descriptions and pinned comments. *See* Exhibit C. To presume infringement under these circumstances would be to ignore the evidentiary record.

### D. The DMCA Subpoena Fails to Satisfy the Requirements of 17 U.S.C. § 512(h)

A DMCA subpoena under § 512(h) requires that the copyright owner submit a notification complying with § 512(c)(3)(A) and a proposed subpoena that includes a sworn declaration that the purpose of the subpoena is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting the copyright owner's rights.

Here, KADOKAWA persisted in seeking disclosure despite Movants' counter-notifications and KADOKAWA's own voluntary remedial actions. *See* Exhibit B. The pattern of repeated withdrawals after counter-notification suggests that the subpoena mechanism is being used not to identify actual infringers, but to harass content creators whose work is protected by fair use.

### E. Disclosure Would Violate Privacy and Proportionality Principles

The DMCA subpoena at issue seeks disclosure of Movants' personally identifiable information despite the absence of any adjudicated finding of infringement. Disclosure of identity is irreversible and carries serious consequences, including invasion of privacy, chilling of expression, and lasting reputational harm. Where infringement remains unadjudicated, the harm from disclosure is irreversible, and less intrusive alternatives, such as platform-level remedies, exist; therefore, compelling disclosure violates fundamental principles of privacy and proportionality.

### F. Petitioner Has Failed to Make a Prima Facie Showing Sufficient to Overcome Movants' Right to Anonymous Speech.

"[W]hen adjudicating a subpoena or other request for compelled disclosure that would reveal the identity of an anonymous speaker, a court should (1) notify the speaker" . . . "(2) require the party seeking disclosure to make a *prima facie* showing on the merits of their claim; and (3) balance the equities." *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876 (N.D. Cal. 2022).

Here, Petitioner has failed to make the required prima facie showing copyright infringement. The record demonstrates that KADOKAWA has repeatedly asserted copyright claims and then voluntarily withdrawn them, occurring on at least eight separate occasions. *See* Exhibit B. This suggests that Petitioner's claims lack merit and do not warrant the extraordinary remedy of compelled disclosure. Movants' content presents substantial questions of transformative use and fair use.

## III. CONCLUSION

The DMCA subpoena at issue seeks an extraordinary remedy despite the absence of

personal jurisdiction over Movants and any adjudicated finding of copyright infringement. Compelling disclosure at this stage would irreversibly invade privacy, chill expression, and transform the DMCA into an instrument of coercion. Because Petitioner has failed to establish a U.S. nexus or a *prima facie* case sufficient to override the right to anonymous speech, the Subpoena is both procedurally and substantively deficient. Movants respectfully request that the Court grant this Motion and quash the Subpoena in its entirety.

Date: February 5, 2026

Respectfully submitted,

*/s/ Bongseop Kim*

Bongseop Kim
Woohyuk Yang
and Youngyoon Ko
Pro Se Movants
Phone: +82-10-2630-4047
Email: nova@novalaw.kr (for correspondence)

# Exhibits

# Exhibit A YouTube Analytics Screenshots Showing Viewer Geographic Distribution

BONGSEOP KIM




96.5% of the viewing area in South Korea, 1.0% or less elsewhere

WOOHYUK YANG




92.3% of the viewing area in South Korea, 1.0% or less elsewhere

# Exhibit A YouTube Analytics Screenshots Showing Viewer Geographic Distribution

| YOUNGYOON KO |
| --- |
| <br> |
| 95.8% of the viewing area in South Korea, 1.0% or less elsewhere |

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

## BONGSEOP KIM

[Copyright claim] Claim released: "특유의 감성 돌아버린 핵달달 순정 로맨스 애니메이션 [애니추천/쿠키있음🍪]"

YouTube <no-reply@youtube.com> 2025년 1월 29일 (수) AM 10:59
nalong-i-5568에게

YouTube

Hi 나롱이네,

Good news! After reviewing your dispute, KADOKAWA CORPORATION has decided to release their copyright claim on your YouTube video.

**Video title:** 특유의 감성 돌아버린 핵달달 순정 로맨스 애니메이션 [애니추천/쿠키있음🍪]

Thanks,
The YouTube team

Help Center • Email options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2025 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

[Copyright claim] Claim released: "🔥당뇨병 주의🔥 퀄리티 개지리는 순정 로맨스 핵달달 애니메이션 [애니리뷰/쿠키있음🍪]"

**YouTube** <no-reply@youtube.com> 2025년 1월 29일 (수) AM 11:01
nalong-i-5568에게

YouTube

Hi 나롱이네,

Good news! After reviewing your dispute, KADOKAWA CORPORATION has decided to release their copyright claim on your YouTube video.

**Video title:** 🔥당뇨병 주의🔥 퀄리티 개지리는 순정 로맨스 핵달달 애니메이션 [애니리뷰/쿠키있음🍪]

Thanks,
The YouTube team

---

**Help Center • Email options**

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2025 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

## [Copyright claim] Claim released: "괴물에 의해 인류 90%가 멸망한 미친 세계관에서 초대형 이동 요새를 만들어 맞짱 뜨는 레전드 오리지널 애니메이션"

**YouTube** <no-reply@youtube.com> 2025년 1월 20일 (월) AM 11:31
nalong-i-5568에게

YouTube

Hi 나롱이네,

Good news! After reviewing your dispute, KADOKAWA CORPORATION has decided to release their copyright claim on your YouTube video.

**Video title:** 괴물에 의해 인류 90%가 멸망한 미친 세계관에서 초대형 이동 요새를 만들어 맞짱 뜨는 레전드 오리지널 애니메이션

Thanks,
The YouTube team

**Help Center • Email options**

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2025 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

## WOOHYUK YANG

**[저작권 침해 신고] "러시아인 짝꿍이 내가 러시아어를 모른다고 생각하고 러시아어로 고백을 해온다"에 대한 저작권 침해 신고가 취소되었습니다**

인쇄 번역

**보낸사람** YouTube <no-reply@youtube.com>

**받는사람** yyyjhong7@naver.com

2024년 9월 10일 (화) 오전 10:53

YouTube

덕양소님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

> 동영상 제목: 러시아인 짝꿍이 내가 러시아어를 모른다고 생각하고 러시아어로 고백을 해온다

감사합니다.
YouTube팀

---

고객센터 • 이메일 옵션

본 이메일은 YouTube 채널 또는 계정과 관련된 정보 및 최신 소식을 알려드리기 위해 발송되었습니다.

YouTube

© 2024 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

**[저작권 침해 신고] "2회차 인생을 시작한 '영애'가 잘생긴 흑막과 약혼하게 되면 일어나는 일"에 대한 저작권 침해 신고가 취소되었습니다** 인쇄 번역

**보낸사람** YouTube <no-reply@youtube.com>

**받는사람** yyyjhong7@naver.com

2024년 12월 5일 (목) 오전 10:27

YouTube

덕양소님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

> 동영상 제목: 2회차 인생을 시작한 '영애'가 잘생긴 흑막과 약혼하게 되면 일어나는 일

감사합니다.
YouTube팀

고객센터 • 이메일 옵션

본 이메일은 YouTube 채널 또는 계정과 관련된 정보 및 최신 소식을 알려드리기 위해 발송되었습니다.

YouTube

© 2024 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

[저작권 침해 신고] "용사고 나발이고 그냥 죽고 싶어 하는 미친 주인공 ㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋ"에 대한 저작권 침해 신고가 취소되었습니다 인쇄 번역

보낸사람 YouTube <no-reply@youtube.com>

받는사람 yyyjhong7@naver.com

2025년 4월 24일 (목) 오전 10:31

YouTube

덕양소님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

동영상 제목: 용사고 나발이고 그냥 죽고 싶어 하는 미친 주인공 ㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋ

감사합니다.
YouTube팀

고객센터 • 이메일 옵션

본 이메일은 YouTube 채널 또는 계정과 관련된 정보 및 최신 소식을 알려드리기 위해 발송되었습니다.

YouTube

© 2025 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

[저작권 침해 신고] "닌자가 암살자한테 잘 못 걸려서 협박당하는 개꿀잼 병맛 애니 ㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋ"에 대한 저작권 침해 신고가 취소되었습니다

인쇄 번역

보낸사람 YouTube <no-reply@youtube.com>

받는사람 yyyjhong7@naver.com

2025년 5월 15일 (목) 오전 10:27

YouTube

덕양소님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

동영상 제목: 닌자가 암살자한테 잘 못 걸려서 협박당하는 개꿀잼 병맛 애니 ㅋㅋㅋㅋㅋㅋㅋㅋㅋㅋ

감사합니다.
YouTube팀

고객센터 • 이메일 옵션

본 이메일은 YouTube 채널 또는 계정과 관련된 정보 및 최신 소식을 알려드리기 위해 발송되었습니다.

YouTube

© 2025 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

**[저작권 침해 신고] "얼굴로 웃기는 정신나간 개그 탐정 애니메이션 ㅋㅋㅋㅋㅋㅋㅋㅋ"에 대한 저작권 침해 신고가 취소되었습니다** 인쇄 번역

보낸사람 YouTube <no-reply@youtube.com>

받는사람 yyyjhong7@naver.com

2025년 7월 16일 (수) 오전 11:29

YouTube

덕양소님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

**동영상 제목:** 얼굴로 웃기는 정신나간 개그 탐정 애니메이션 ㅋㅋㅋㅋㅋㅋㅋ

감사합니다.
YouTube팀

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

**[저작권 침해 신고] "'그 작가' 신작 애니ㅋㅋㅋㅋㅋㅋ 반 친구가 자꾸 자기가 귀엽냐고 앵겨온다"에 대한 저작권 침해 신고가 취소되었습니다** 인쇄 번역

**보낸사람** YouTube <no-reply@youtube.com>

**받는사람** yyyjhong7@naver.com

2025년 9월 22일 (월) 오전 10:36

YouTube

덕양소님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

> 동영상 제목: '그 작가' 신작 애니ㅋㅋㅋㅋㅋㅋ 반 친구가 자꾸 자기가 귀엽냐고 앵겨온다

감사합니다.
YouTube팀

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

## YOUNGYOON KO

YouTube

유니애니님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

**동영상 제목:** 모든 남자의 거세가 목표인 여학교에, 엄청난 신체 능력을 가진 남학생이 전학왔다!

감사합니다.
YouTube팀

고객센터 • 이메일 옵션

본 이메일은 YouTube 채널 또는 계정과 관련된 정보 및 최신 소식을 알려드리기 위해 발송되었습니다.

YouTube

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

YouTube

유니애니님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

동영상 제목: 여친과 ㅅ파의 사이를 원하는 남자

감사합니다.
YouTube팀

고객센터 • 이메일 옵션

본 이메일은 YouTube 채널 또는 계정과 관련된 정보 및 최신 소식을 알려드리기 위해 발송되었습니다.

YouTube

© 2025 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

YouTube

유니애니님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

> **동영상 제목:** 마법이 없는 이세계에 전생한 남자가 누나랑 근X을 하면서 마법을 사용할 수 있게 된다면?

감사합니다.
YouTube팀

# Exhibit B YouTube Notices Confirming Withdrawal of Copyright Claims by KADOKAWA

YouTube

유니애니님, 안녕하세요.

좋은 소식을 전해드립니다. 이의 제기 검토 후 KADOKAWA CORPORATION님이 귀하의 YouTube 동영상에 대한 저작권 침해 신고를 취소하기로 결정했습니다.

> **동영상 제목:** 용사 파티에서 해고된 최강의 검사가 대국의 왕녀와 "종신 노예계약"에 성공한다면?

감사합니다.
YouTube팀

---

고객센터 • 이메일 옵션

본 이메일은 YouTube 채널 또는 계정과 관련된 정보 및 최신 소식을 알려드리기 위해 발송되었습니다.

설명 ⓘ

애니제목 : 방패용사의 성공담

Exhibit C

애니메이션 관련 정보는 국내 정식 라이선스를 보유한 합법적인
스트리밍 플랫폼, 라프텔 공식 홈페이지를 참고해주세요!

#애니추천 #애니리뷰 #유니애니

제품

# Exhibit D-1 Representative Counter-Notification Submitted to YouTube(BONGSEOP KIM)

**[BONGSEOP KIM]**

Hello, this is Narongine Channel.

The video at issue is an **animation review video** produced in accordance with the **Fair Use doctrine**.

---

**1. Purpose and Character of the Use**

This video is a **character-based animation review content** that introduces an animated work through the Narongine Channel's **original characters**, reconstructed using the creator's **distinctive direction, narration, and structural composition**.

The purpose of this video is **not** to reproduce, distribute, or replace the original animation. Rather, it aims to introduce the storyline and atmosphere of the work in an **entertainment-oriented format**, utilizing the channel's unique character settings and narrative framework.

All narration, editing flow, and presentation in this video consist of **independently created expressive elements** by the creator. Accordingly, this video does not constitute a simple reproduction or summary of the original work. Instead, it represents a **transformative use**, combining original characters, narration, editing, and direction unique to the channel.

---

**2. Legal Basis for Fair Use**

Under **Section 107 of the U.S. Copyright Act**, fair use is determined by a comprehensive consideration of:

- the purpose and character of the use,
- the amount and substantiality of the portion used, and
- the effect of the use upon the potential market for the copyrighted work.

This video does not aim to deliver or substitute the original animation. Rather, it reconstructs limited elements of the original work into a **new expression and context** through the Narongine Channel's original characters and the creator's unique narration, direction, and editing structure.

# Exhibit D-1 Representative Counter-Notification Submitted to YouTube(BONGSEOP KIM)

Such use does not allow viewers to consume the original expression itself. Instead, it transforms the meaning and function of the original material by combining original characters, narrative framing, and presentation format unique to the channel, constituting **transformative use**.

U.S. case law has consistently emphasized whether the use serves the same purpose as the original or introduces a **new purpose and expression**, including:

- **Campbell v. Acuff-Rose Music, Inc. (1994)**
  The Supreme Court held that a use may qualify as fair use even if it is commercial, provided that it is transformative in nature.
- **Hosseinzadeh v. Klein (2018)**
  The court held that even when original clips are used in YouTube videos, fair use may apply where a new context is created through the creator's unique expression and structure.
- **Sony Computer Entertainment America, Inc. v. Bleem LLC (2000)**
  The court recognized that the use of screenshots from a copyrighted video game may qualify as transformative use when it does not substitute for the original and serves a new function and purpose.

In this video, clips and images from the original animation are used **only to the minimum extent necessary** to convey context and direction. The video as a whole is centered on original narration and character-based presentation and does not substitute for or infringe upon the market for the original work.

Furthermore, **Japanese Copyright Law** also broadly permits use that does not aim to directly enjoy the thoughts or emotions expressed in a copyrighted work and does not unreasonably prejudice the interests of the copyright holder (Article 30-4 of the Japanese Copyright Act).

Accordingly, this video is not intended to enable direct viewing of the original animation but instead encourages interest and subsequent consumption of the original work through the channel's original characters and presentation. It therefore qualifies as fair use or equivalent lawful use under **Korean, U.S., and Japanese copyright law**.

---

**3. Effect on the Market Value of the Original Work**

# Exhibit D-1 Representative Counter-Notification Submitted to YouTube(BONGSEOP KIM)

Narongine's animation review content does not replace or diminish the market value of the original animation. On the contrary, it functions to **increase interest in and promote subsequent consumption** of the original work.

The channel consistently includes **official streaming platform links** in video descriptions and pinned comments, clearly guiding viewers to watch the original animation through legitimate distribution channels rather than illegal or unofficial means.

Additionally, the video structure intentionally avoids providing a complete narrative or conclusion, leaving viewers curious about subsequent developments and ensuring that the full story can only be understood by watching the original animation.

Therefore, the video does not harm the potential market for the original work and does not have a negative effect under the "market effect" factor of **17 U.S.C. § 107**.

---

**4. Amount and Substantiality of the Portion Used**

This content does not replay full episodes consecutively nor does it provide an experience that substitutes for viewing the original work. It does not present major plot developments or conclusions in a complete form.

The core of the video consists of:

- Narongine Channel's original characters,
- narration written by the creator, and
- independent direction and editing structure.

Original animation footage is used solely in a **supplementary role** to support the presentation. As such, the amount and qualitative significance of the original material used is **limited and incidental** relative to the copyrighted work as a whole, satisfying the "amount and substantiality" factor of fair use.

# Exhibit D-1 Representative Counter-Notification Submitted to YouTube(BONGSEOP KIM)

**[BONGSEOP KIM]**

안녕하세요 나롱이네입니다.

해당 영상은 애니메이션 리뷰영상으로, 공정 이용(Fair Use) 원칙에 따라 제작되었습니다

1. 영상의 목적과 성격

해당 영상은 애니메이션 작품을 나롱이네 채널의 오리지널 캐릭터를 중심으로 소개하고 제작자의 고유한 연출·나레이션·구성 방식을 통해 재구성한 캐릭터 기반 애니메이션 리뷰 콘텐츠입니다.

본 영상은 원작 애니메이션을 그대로 전달하거나 대체하기 위한 목적이 아니라,
채널 고유의 캐릭터 설정과 화자 구조를 활용하여
작품의 전개와 분위기를 엔터테인먼트적 방식으로 소개하는데 목적이 있습니다.

모든 나레이션과 편집 흐름은 제작자가 독자적으로 창작한 표현으로 구성되어 있습니다.

따라서 본 영상은 원작물의 단순 복제나 요약에 해당하지 않으며,
채널 고유의 캐릭터, 나레이션, 편집 및 연출 요소가 결합된
변형적 사용(Transformative Use)에 해당하는 콘텐츠입니다.

2. 공정 이용의 법적 근거

미국 저작권법 제107조는 공정 이용 여부를 판단함에 있어
저작물의 사용 목적과 성격, 사용된 분량과 중요성,
그리고 저작물의 잠재적 시장에 미치는 영향을 종합적으로 고려하도록 규정하고 있습니다.

본 영상은 애니메이션 원작을 그대로 전달하거나 대체하기 위한 목적이 아니라,
나롱이네 채널의 오리지널 캐릭터를 중심으로
제작자의 고유한 나레이션, 연출, 편집 구조를 통해
원작의 일부 요소를 새로운 표현과 맥락으로 재구성한 콘텐츠입니다.

이와 같은 사용 방식은 원작의 표현을 그대로 소비하게 하는 것이 아니라,
채널 고유의 캐릭터·화자 구조·연출 포맷을 결합하여

# Exhibit D-1 Representative Counter-Notification Submitted to YouTube(BONGSEOP KIM)

의미와 기능이 변형된 사용(Transformative Use)에 해당합니다.

미국 판례 역시 공정 이용 판단에서
저작물 사용이 원작과 동일한 목적을 수행하는지,
아니면 새로운 목적과 표현을 갖는지를 중시해 왔습니다.

- **Campbell v. Acuff-Rose Music, Inc. (1994)**
  원작과 다른 목적과 성격을 가지는 변형적 사용은
  상업적 이용이라 하더라도 공정 이용이 될 수 있음을 인정하였습니다.

- **Hosseinzadeh v. Klein (2018)**
  유튜브 영상에서 원작 클립이 사용되었더라도,
  제작자의 고유한 표현과 구성에 따라
  새로운 맥락이 형성된 경우 공정 이용에 해당한다고 판단하였습니다.

- **Sony Computer Entertainment America, Inc. v. Bleem LLC (2000)**
  원작 게임 화면의 스크린샷 사용이
  원작을 대체하지 않고 새로운 기능과 목적을 가진 경우
  변형적 사용으로 인정될 수 있음을 판시하였습니다.

본 영상에서 사용된 원작 애니메이션의 클립 및 이미지는
해당 연출과 맥락을 전달하는 데 필요한 최소한의 범위 내에서 제한적으로 사용되었으며,
영상 전체는 제작자의 독자적인 나레이션과 캐릭터 연출을 중심으로 구성되어
원작의 시장을 대체하거나 침해하지 않습니다.

아울러 일본 저작권법 역시
저작물에 표현된 사상 또는 감정을 직접 향유하는 것을 목적으로 하지 않고,
저작권자의 이익을 부당하게 침해하지 않는 범위 내에서의 이용을 폭넓게 인정하고 있습니다
(일본 저작권법 제30조의4).

본 영상은 원작 애니메이션을 그대로 감상하게 하는 목적이 아니라,
채널 고유의 캐릭터와 연출을 통해
원작에 대한 흥미와 후속 소비를 유도하는 성격의 콘텐츠로서,
한·미·일 저작권법상 공정 이용 또는 이에 준하는 범위 내 사용에 해당합니다.

3. 원작물의 시장적 가치에 미치는 영향

# Exhibit D-1 Representative Counter-Notification Submitted to YouTube(BONGSEOP KIM)

나롱이네 애니 리뷰 콘텐츠는 원작 애니메이션의 시장적 가치를 대체하거나 훼손하는 것이 아니라,

오히려 원작에 대한 관심과 후속 소비를 유도하는 방향으로 기능하고 있습니다.

본 채널은 모든 영상의 설명란 및 고정 댓글에
공식 스트리밍 플랫폼과 연계된 링크를 지속적으로 기재하여,
시청자가 불법 경로나 비공식 수단이 아닌
정식 유통 경로를 통해 원작을 시청하도록 명확히 유도하고 있습니다.

또한 영상의 구성상 원작의 내용을 완결적으로 전달하지 않고,
의도적으로 다음 전개에 대한 궁금증을 남기는 방식으로 연출되어
시청자가 원작 애니메이션을 직접 시청해야만
이야기의 전체 흐름을 확인할 수 있도록 설계되어 있습니다.

따라서 본 영상은 원작물의 잠재적 시장을 침해하지 않으며,
미국 저작권법 제107조에서 고려하는
'원작물의 시장 또는 가치에 미치는 영향' 요소에 비추어
부정적인 영향을 미치지 않습니다.

4. 사용된 부분의 양과 중요성

본 콘텐츠는 원작의 전체 에피소드를 연속적으로 재생하거나
원작의 감상 경험을 대체할 수 있는 형태로 구성되지 않으며,
주요 전개나 결말을 완결적으로 제공하지 않습니다.

영상의 중심은

- 나롱이네 채널의 오리지널 캐릭터
- 제작자가 직접 작성한 나레이션
- 자체 연출 및 편집 구조에 있으며,
  원작 영상은 이러한 연출을 보조하는 역할로만 사용됩니다.

따라서 사용된 원작물의 분량과 중요성은
전체 저작물에 비해 제한적이고 부수적인 수준에 그치며,
이는 공정 이용 판단 요소 중 하나인
'사용된 부분의 양과 중요성' 측면에서도 합리적인 범위에 해당합니다.

# Exhibit D-2 Representative Counter-Notification Submitted to YouTube(WOOHYUK YANG)

**[WOOHYUK YANG]**

This video was produced and published within the lawful scope of **fair use** pursuant to **Section 107 of the U.S. Copyright Act** and **Article 35-5 of the Korean Copyright Act**. The following four grounds establish the applicability of fair use.

---

**1. Exemption Under Fair Use**

Article 35-5 of the Korean Copyright Act permits the use of copyrighted works without authorization where such use does not conflict with the normal exploitation of the work or unreasonably prejudice the legitimate interests of the copyright holder.

This review video neither diminishes the essential value of the original work nor functions as a substitute. It does not unfairly infringe upon the economic interests of the creator or rights holder and therefore satisfies the requirements of fair use.

---

**2. Purpose and Character of the Use**

The video was produced for **review and criticism**, a core category of fair use. While some advertising revenue may be generated, **Campbell v. Acuff-Rose Music, Inc. (1994)** confirms that commerciality does not negate fair use where the use is transformative.

This video includes my own subjective interpretation, analysis, narration, editing, and commentary, thereby adding new meaning and context to the original work. It is an independent and creative secondary work rather than a mere reproduction.

Consistent with **Harper & Row v. Nation Enterprises**, the video addresses an already published work and does not infringe upon the right of first publication.

---

**3. Amount and Proportion Used**

Clips from the original work are limited to **less than approximately 10%** of the total content, and key plot twists or the ending are intentionally excluded.

The footage and audio are used only as supporting material to explain the review context and do not qualitatively or quantitatively appropriate the core of the work.

---

# Exhibit D-2 Representative Counter-Notification Submitted to YouTube(WOOHYUK YANG)

**4. Effect on Market Value**

This review video does not compete with the original work. Instead, it encourages interest and lawful consumption by directing viewers to official streaming platforms via links in the description and pinned comments.

Many viewers have accessed the original work through these links, resulting in tangible economic benefit to the copyright holder.

---

**Conclusion**

This review video satisfies the requirements of fair use under U.S. and Korean copyright law. It does not impair the original market, constitutes a transformative and creative secondary work, and ultimately benefits the copyright holder.

Accordingly, any claim of copyright infringement is unfounded, and removal or sanctions against this video are inappropriate.

---

**Legal Statement:**
I consent to the jurisdiction of the U.S. Federal District Court applicable to my address (or, if outside the United States, the judicial district in which YouTube is located) and agree to accept service of process. I swear under penalty of perjury that I have a good faith belief that the material was removed or disabled due to mistake or misidentification.

**Signature:** Woohyuk Yang

# Exhibit D-2 Representative Counter-Notification Submitted to YouTube(WOOHYUK YANG)

**[WOOHYUK YANG]**

본 영상은 미국 저작권법 제107조(Fair Use Doctrine) 및 대한민국 저작권법 제35조의5(공정 이용)에 의거하여 정당한 공정 이용의 범위 내에서 제작·게시된 콘텐츠입니다. 다음의 네 가지 근거를 통해 공정 이용의 타당성을 입증하고자 합니다.

1. 공정 이용에 따른 면책 사유

대한민국 저작권법 제35조의5(공정 이용)는, 저작물의 통상적인 이용 방식을 침해하지 않으며, 저작자의 정당한 이익을 부당하게 해치지 않는 경우, 권리자의 허락 없이도 저작물의 이용을 허용하고 있습니다.

본 리뷰 영상은 원 저작물의 본질적 가치를 훼손하거나 대체재로 기능하지 않으며, 창작자 또는 권리자의 경제적 이익을 부당하게 침해하지 않습니다. 이에 따라 공정 이용의 요건을 충족합니다.

2. 이용 목적 및 성격

해당 영상은 리뷰 및 비평을 목적으로 제작되었으며, 이는 공정 이용의 대표적인 사례 중 하나입니다. 일부 광고 수익이 발생할 수 있으나, 미국 대법원 Campbell v. Acuff-Rose Music, Inc. (1994) 판결에 따라, 상업적 성격이 있더라도 변형적 이용(transformative use)일 경우 공정 이용에 해당할 수 있음이 인정되었습니다.

본 영상은 단순히 원작의 내용을 나열하는 것이 아니라, 창작자인 본인의 주관적인 해석, 분석, 설명, 편집 및 음성 해설을 포함하고 있어, 원 저작물에 새로운 의미와 맥락을 부여한 2차적 창작물입니다. 이는 원저작물의 단순한 복제가 아닌, 독립적이고 창의적인 콘텐츠입니다.

또한 Harper & Row v. Nation Enterprises 판례에서 강조된 바와 같이, 원작이 이미 정식으로 공개된 이후에 비평 대상으로 삼은 점에서, 공표권을 침해하지 않았습니다.

# Exhibit D-2 Representative Counter-Notification Submitted to YouTube(WOOHYUK YANG)

3. 사용된 분량 및 비중

본 리뷰 영상에 포함된 원 저작물의 클립은 전체 콘텐츠 중 약 10% 이내로 제한되어 있으며, 작품의 결말이나 주요 반전 등 핵심 줄거리 요소는 의도적으로 배제하였습니다.

사용된 영상 및 음향은 리뷰의 맥락을 설명하기 위한 보조적 수단으로 활용되었으며, 저작물의 중요한 부분을 양적·질적으로 침해하지 않는 선에서 절제된 방식으로 구성되었습니다.

4. 시장 가치 및 원저작물에 미치는 영향

본 리뷰 영상은 원 저작물과 경쟁 관계에 있지 않으며, 시청자가 원작에 대한 흥미를 느끼고 정식 콘텐츠를 구매하거나 감상하도록 유도함으로써, 오히려 원 저작물의 시장 가치와 인지도를 높이는 긍정적인 역할을 수행하고 있습니다.

영상 설명란 및 고정 댓글에는 공식 스트리밍 플랫폼 또는 정식 유통사의 링크를 명시하고 있으며, 시청자들이 합법적인 경로를 통해 원작을 소비할 수 있도록 안내하고 있습니다. 실제로 다수의 시청자들이 해당 링크를 통해 정식 콘텐츠에 접근하였으며, 이는 원 저작권자에게 실질적인 경제적 이익을 제공하는 결과로 이어졌습니다.

결론

이 리뷰 영상은 미국 및 대한민국의 저작권법상 공정 이용의 요건을 충족하는 정당한 사례입니다. 원 저작물의 본래 시장을 침해하지 않으며, 변형적이고 창의적인 방식으로 2차적 저작물을 제작하였고, 궁극적으로 저작권자에게도 긍정적인 영향을 미쳤습니다.

따라서, 본 영상에 대한 저작권 침해 주장은 부당하며, 삭제 또는 제재 조치는 부적절함을 밝힙니다.

# Exhibit D-2 Representative Counter-Notification Submitted to YouTube(WOOHYUK YANG)

법적 진술 : 본인은 신고자가 시작한 법적 조치에 대해 항변할 의사가 있으며

현재 본인의 주소에 해당하는 미국 연방지방법원의 사법관할권(주소가 미국이 아닌 경우 YouTube가 위치한 곳에 해당하는 사법관할)에 동의하며 신고자의 소장 송달을 수락합니다.

본인은 자료가 실수로 또는 자료의 잘못된 식별의 결과로 삭제되었거나 게시 중단되었다고 선의를 가지고 확신하며, 위증 시 처벌을 받을 것을 선서합니다.

서명 : 양우혁

# Exhibit D-3 Representative Counter-Notification Submitted to YouTube(YOUNGYOON KO)

**[YOUNGYOON KO]**

According to YouTube policy, copyrighted material may be used without the copyright holder's permission if the use qualifies as **Fair Use**. This video complies with the Fair Use principles under the U.S. DMCA and international copyright law for the following reasons.

---

**1. Purpose and Character of the Use**

This video includes commercial elements through YouTube advertising revenue. However, in **Campbell v. Acuff-Rose Music (1994)**, the U.S. Supreme Court held that commerciality alone does not preclude fair use and that **transformative use** is the more important consideration.

This video is not a simple reproduction but was created for **criticism and review** purposes, incorporating original interpretations, reactions, sound effects, and transformed subtitles. The subtitles are not mere translations of the original dialogue but include my own creative interpretations to enhance viewer understanding and engagement.

In **Leibovitz v. Paramount Pictures Corp. (1998)**, the court held that fair use is more likely where a new meaning or message is created from an existing work. This video contains creative elements distinct from the original work and thus constitutes transformative use.

Furthermore, under **Harper & Row v. Nation Enterprises (1985)**, the use of already published works may qualify as fair use where it does not interfere with the copyright holder's right of first publication. This video uses only works that have already been released and does not infringe upon that right.

---

**2. Amount and Substantiality of the Portion Used**

Under **17 U.S.C. § 107**, courts consider the amount and substantiality of the portion used in relation to the copyrighted work as a whole.

This video uses only the **minimum necessary portions** of the original work and does not summarize the story in full. Instead, it focuses on interpreting themes and character values. The ending is intentionally excluded, and the video encourages viewers to watch the original work themselves.

# Exhibit D-3 Representative Counter-Notification Submitted to YouTube(YOUNGYOON KO)

In **Sony Computer Entertainment, Inc. v. Bleem LLC (2000)**, the court held that fair use is more likely where copyrighted material is not excessively used and where sufficient original content distinguishes the new work. This video satisfies those criteria.

---

**3. Effect on the Market and Economic Value of the Work**

In **Sony Corp. of America v. Universal City Studios (1984)**, the U.S. Supreme Court identified market effect as one of the most important fair use factors.

This video does not replace the original work but instead provides promotional value by increasing interest and encouraging lawful consumption. Official streaming links are provided in the description, and many viewers have accessed the original work through those links.

Additionally, in **Google v. Oracle America (2021)**, the Supreme Court held that use that promotes creativity and does not harm the copyright holder's market may qualify as fair use. This video serves as complementary content that enhances, rather than diminishes, the original work's value.

Accordingly, this video does not constitute copyright infringement and complies with YouTube policy.

---

**Legal Statement:**
I consent to the jurisdiction of the U.S. Federal District Court applicable to my address (or, if outside the United States, the judicial district in which YouTube is located) with respect to any legal action initiated by the claimant, and I agree to accept service of process. I swear, under penalty of perjury, that I have a good faith belief that the material was removed or disabled as a result of mistake or misidentification.

**Signature:** Youngyoon Ko

# Exhibit D-3 Representative Counter-Notification Submitted to YouTube(YOUNGYOON KO)

**[YOUNGYOON KO]**

YouTube 정책에 따르면, 공정 이용(Fair Use)에 해당하는 경우 저작권자의 허가 없이도 저작물을 사용할 수 있습니다.

본 영상은 미국 DMCA 및 국제 저작권법의 공정 이용 원칙에 부합하며, 그 이유를 다음 세 가지로 설명드립니다.

1. 저작물의 이용 목적 및 특성

본 영상은 YouTube 광고 수익을 창출하고 있으므로 상업적 요소가 포함되어 있습니다.

그러나 Campbell v. Acuff-Rose Music(1994) 사건에서 미국 대법원은 상업적 이용 여부만으로 공정 이용을 부정할 수 없으며,

변형적 이용(Transformative Use)이 더 중요한 판단 기준이라고 판결하였습니다.

본 영상은 단순한 복제가 아니라, 비평(Criticism) 및 리뷰(Review) 목적으로 창작되었으며,

독창적인 해석, 리액션, 효과음 및 변형된 자막을 포함하고 있습니다.

특히, 자막은 원본을 단순 번역한 것이 아니라, 시청자가 더욱 쉽게 이해하고 공감할 수 있도록 저만의 창의적 해석을 추가한 것입니다.

또한, Leibovitz v. Paramount Pictures Corp.(1998) 사건에서도,

법원은 "기존 저작물을 활용하여 새로운 의미와 메시지를 창출했다면 공정 이용으로 인정될 가능성이 크다"라고 판결하였습니다.

본 영상은 원저작물과는 별개의 창작적 요소를 포함하고 있으며, 이는 공정 이용의 핵심 요건 중 하나인 변형적 이용(Transformative Use)에 해당합니다.

뿐만 아니라, Harper & Row v. Nation Enterprises(1985) 판결에 따르면,

공표된 저작물을 활용하는 것이 저작권자의 공표 시점을 침해하지 않는다면 공정 이용으로 인정될 수 있습니다.

# Exhibit D-3 Representative Counter-Notification Submitted to YouTube(YOUNGYOON KO)

본 영상은 이미 발표된 원저작물을 사용했으며, 원저작자의 공표권을 침해하지 않았습니다.

2. 전체 저작권 보호 자료 대비 사용된 분량 및 중요도

미국 저작권법(17 U.S. Code § 107)은 공정 이용을 판단할 때 "사용된 분량과 저작물 전체에서 차지하는 비중"을 고려해야 한다고 규정하고 있습니다.

본 영상에서는 원저작물의 필요한 최소한의 분량만 사용하였으며, 스토리를 그대로 요약한 것이 아니라 등장인물의 가치관과 주제를 해석하고 비평하는 방식으로 제작되었습니다.

특히, 결말을 포함하지 않았으며, 원저작물을 대체하는 것이 아니라 시청자들이 직접 원작을 감상하도록 유도하는 역할을 합니다.

또한, Sony Computer Entertainment, Inc. v. Bleem LLC(2000) 판결에서도

"원저작물을 과도하게 사용하지 않고, 오리지널 콘텐츠와 구별될 수 있을 정도의 창작적 요소가 포함되어 있다면 공정 이용으로 인정될 가능성이 높다"라고 판결하였습니다.

본 영상은 저작물의 핵심적인 내용이 아니라, 비평과 해석을 중심으로 제작되었으므로 공정 이용의 요건을 충족합니다.

3. 저작물의 시장 및 경제적 가치에 미치는 영향

미국 대법원은 Sony Corp. of America v. Universal City Studios(1984) 사건에서

"공정 이용을 판단할 때 가장 중요한 요소 중 하나는 해당 이용이 저작물의 시장 가치에 미치는 영향"이라고 명시했습니다.

본 영상은 원저작물을 대체하는 것이 아니라 오히려 홍보 효과를 제공하여 원저작물의 가치를 높이고 판매를 촉진하는 역할을 합니다.

실제로, 본 영상의 설명란에는 합법적인 스트리밍 웹사이트의 공식 링크를 제공하였으며, 이를 통해 많은 시청자가 원저작물을 구매하여 시청하고 있는것을 알 수 있습니다.

# Exhibit D-3 Representative Counter-Notification Submitted to YouTube(YOUNGYOON KO)

또한, Google v. Oracle America(2021) 판결에서도 "저작물의 창작을 촉진하고 저작권자의 시장을 훼손하지 않는다면 공정 이용으로 인정될 수 있다"라고 판시하였습니다.

본 영상은 원저작물의 경제적 가치를 해치는 것이 아니라 오히려 저작권자의 수익을 증대시키는 보완적 콘텐츠이므로 공정 이용에 해당합니다.

따라서 본 영상은 미국의 저작권법상으로도 저작권 침해에 해당하지 않으며, YouTube 정책에도 부합합니다.

법적 진술 : 본인은 신고자가 시작한 법적 조치에 대해 항변할 의사가 있으며

현재 본인의 주소에 해당하는 미국 연방지방법원의 사법관할권(주소가 미국이 아닌 경우 YouTube가 위치한 곳에 해당하는 사법관할)에 동의하며 신고자의 소장 송달을 수락합니다.

본인은 자료가 실수로 또는 자료의 잘못된 식별의 결과로 삭제되었거나 게시 중단되었다고 선의를 가지고 확신하며, 위증 시 처벌을 받을 것을 선서합니다.

서명 : 고영윤

# Exhibit E JOINT DECLARATION

## JOINT DECLARATION OF BONGSEOP KIM, WOOHYUK YANG, AND YOUNGYOON KO IN SUPPORT OF MOTION TO QUASH DMCA SUBPOENA

We, Bongseop Kim, Woohyuk Yang, and Youngyoon Ko, declare as follows:

1. We are the Movants in the above-captioned matter. Each of us makes this declaration based on our own personal knowledge, and if called as witnesses, each of us could and would testify competently to the matters stated herein.

2. Each Movant is a Korean national residing in the Republic of Korea and operates a Korean-language YouTube channel primarily targeting a Korean audience.

3. Attached hereto as Exhibits A and B are true and correct copies of official notices received from YouTube confirming that copyright claims submitted by KADOKAWA against our videos were withdrawn after review of our respective counter-notifications. These notices were generated by YouTube in the ordinary course of its copyright enforcement procedures.

4. The withdrawals reflected in Exhibits A and B occurred without any judicial determination of copyright infringement and followed the submission of counter-notifications asserting non-infringement and fair use by the respective Movants.

5. Attached hereto as Exhibit C are true and correct screenshots of video descriptions and pinned comments from our YouTube videos. As shown therein, each Movant consistently included references and links directing viewers to Laftel, a licensed streaming platform in the Republic of Korea, where the original works may be lawfully viewed in full.

6. Attached hereto as Exhibit D is a true and correct copy of a representative counter-notification submitted to YouTube by one of the Movants. Substantially similar counter-notifications were submitted by the other Movants in connection with the copyright claims reflected in Exhibits A and B.

7. The exhibits attached to this declaration are maintained by each Movant in the ordinary course of operating their respective YouTube channels and accurately

# Exhibit E JOINT DECLARATION

reflect the materials as they existed at the relevant times.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 3, 2026 at the Republic of Korea.

김봉섭 BONGSEOP KIM

양우혁 WOOHYUK YANG

고영윤 YOUNGYOON KO

# 감사 추적 인증서 Exhibit E JOINT DECLARATION

| | |
|---|---|
| 문서 이름 | JOINT DECLARATION |
| 문서 ID | 976b6b00-00c6-11f1-a880-65ee34ba4b9c |
| 원본 검증키 | 661347be787d694d676a232582cdb1d85d6d9de85254ce24b5701b1261cc5529 |
| 보낸 사람 | 노바법률사무소 (support@novalaw.kr) |
| 보낸 시간 | 2026-02-03 15:07:18 |
| 완료 시간 | 2026-02-03 17:04:14 |
| 기준 시간 | (UTC+09:00) 한국 표준시 |
| 진행 상태 | 완료됨 |
| 문서 페이지 수 | 2p |

## 요청자 정보

| 요청자 | |
|---|---|
| 이름 | 노바법률사무소 |
| 이메일 | support@novalaw.kr |
| **첨부파일 정보** | |
| 파일 1 | 선언문(번역본) |

## 서명자 정보

| 서명자 | |
|---|---|
| 이름 | 고영윤 |
| 휴대폰 번호 | 01045715947 |
| 진행 정보 | 서명 완료 |
| 인증 수단 | - |



Exhibit E JOINT DECLARATION

| 서명자 | |
|---|---|
| 이름 | 양우혁 |
| 휴대폰 번호 | 01092080246 |
| 진행 정보 | 서명 완료 |
| 인증 수단 | - |




| 서명자 | |
|---|---|
| 이름 | 김봉섭 |
| 휴대폰 번호 | 01090026431 |
| 진행 정보 | 서명 완료 |
| 인증 수단 | - |




## 진행 이력

# Exhibit E JOINT DECLARATION

| 진행 시점 및 환경 | 진행 내용 |
|---|---|
| 2026-02-03 15:07:18<br>219.241.174.181 | 노바법률사무소(support@novalaw.kr) 님이 서명 요청을 시작하였습니다. |
| 2026-02-03 15:07:19<br>자동 진행 | 고영윤(01045715947) 님에게 서명할 문서를 전송하였습니다. |
| 2026-02-03 15:07:19<br>자동 진행 | 양우혁(01092080246) 님에게 서명할 문서를 전송하였습니다. |
| 2026-02-03 15:07:19<br>자동 진행 | 김봉섭(01090026431) 님에게 서명할 문서를 전송하였습니다. |
| 2026-02-03 15:11:43<br>118.235.7.89 | 김봉섭(01090026431) 님이 문서의 내용을 확인하였습니다. |
| 2026-02-03 15:59:23<br>118.235.7.89 | 김봉섭(01090026431) 님이 문서에 서명하였습니다. |
| 2026-02-03 16:48:23<br>222.120.245.66 | 고영윤(01045715947) 님이 문서의 내용을 확인하였습니다. |
| 2026-02-03 16:49:42<br>222.120.245.66 | 고영윤(01045715947) 님이 문서에 서명하였습니다. |
| 2026-02-03 17:03:40<br>118.36.70.26 | 양우혁(01092080246) 님이 문서의 내용을 확인하였습니다. |
| 2026-02-03 17:04:13<br>118.36.70.26 | 양우혁(01092080246) 님이 문서에 서명하였습니다. |
| 2026-02-03 17:04:14<br>자동 진행 | 문서의 모든 서명이 완료되었으며, 모든 서명자에게 완료된 문서와 감사 추적 인증서가 교부되었습니다. |