Gamma Law, P.C.
Duy Thai, SBN 157345
Email: dthai@gammalaw.com
Marco Martemucci, SBN 287397
Email: mmartemucci@gammalaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: 415.901.0510
Facsimile: 415.422.9962

Attorneys for Petitioner
KADOKAWA Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re 17 U.S.C. § 512(h) Subpoena to YouTube, LLC | Case No. 3:26-mc-80008-TLT<br><br>KADOKAWA CORPORATION'S OPPOSITION TO BONGSEOP KIM, WOOHYUK YANG, AND YOUNGYOON KO'S MOTION TO QUASH SUBPOENA |

## I.   INTRODUCTION

Pursuant to 17 U.S.C. § 512(c), Petitioner KADOKAWA Corporation served a notice of copyright infringement on YouTube, LLC ("YouTube") dated November 21, 2025, requesting the removal of five videos containing Petitioner's copyright-protected works. Petitioner followed up with a subpoena, dated January 15, 2026, issued pursuant to 17 U.S.C. § 512(h), to YouTube. The users who uploaded the infringing videos to YouTube filed the instant motion to quash pro se,[1] arguing a lack of personal jurisdiction, fair use, and other arguments that are, as discussed below, meritless.

---

[1] Movants did not attempt to meet and confer prior to filing their motion, and so Petitioner is unable to comply with the Court's standing order to address discovery disputes by joint letter to the Court. Petitioner respectfully requests the Court accept its Opposition as submitted.

II. **MOVANTS' JURISDICTIONAL ARGUMENT FAILS AS IT IS AN IMPORPER BASIS FOR A MOTION TO QUASH**

The Ninth Circuit has long recognized that plaintiffs must be permitted limited discovery to identify unknown defendants: "[W]here the identity of alleged defendants will not be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In the Northern District of California, courts routinely authorize subpoenas to identify anonymous online infringers *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999). The Copyright Act provides specific procedures for obtaining this type of information from internet service providers. *See* 17 U.S.C. § 512(h).

Courts consistently hold that personal jurisdiction need not be conclusively established before limited identification discovery proceeds. Similarly, Federal District Courts in California have held that arguments for a lack of personal jurisdiction are not a proper basis to quash a subpoena. *See Liberty Media Holdings, LLC v. Does 1–62*, 2012 WL 628309, *2–3 (S.D.Cal. Feb.24, 2012) ("the Court finds Movants' jurdictional arguments premature and declines to quash Plaintiff's subpoena or dismiss the action for lack of personal jurisdiction at this stage of the litigation."). *See also, Malibu Media, LLC v. Does 1-25*, No. 12-CV-0362-LAB DHB, 2012 WL 2367555, at *3 (S.D. Cal. June 21, 2012) (denying motion to quash on the basis of movant's claim of lack of personal jurisdiction). Thus, as a matter of law, Movants' personal jurisdiction arguments fail.

III. **MOVANTS FAIL TO SUMBIT ADMISSIBLE EVIDENCE**

Under Federal Rule of Civil Procedure 45, the moving party bears the burden of persuasion on a motion to quash a third-party subpoena. *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 645 (N.D. Cal. 2020). "[P]ro se litigants are not entitled to lenient evidentiary standards for purposes of summary judgment" *Patterson v. Miller*, 451 F. Supp. 3d 1125, 1139 (D. Ariz. 2020), aff'd, No. 20-15860, 2021 WL 3743863 (9th Cir. Aug. 24, 2021). Rule 901 of

the Federal Rules of Evidence requires that the party offering the document must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Foreign-language documents must be translated into English and be authenticated by sworn testimony vouching for the accuracy of the translation and describing the translator's qualifications and expertise. *See Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 659 (N.D. Cal. 1994)

Movants submit evidence, some of which appears to consist of untranslated Korean-language text, and some translated but uncertified documents. *See, e.g.*, Movants' Ex. A-E. For this reason, Movants' exhibits should be excluded from consideration.

### IV.  MOVANTS' EVIDENCE, IF CONSIDERED, WEIGHS AGAINST MOVANTS' ARGUMENTS

Even if the Court were to consider the exhibits Movants submitted in support of their motion, the evidence therein does not support Movants' claims. First, the most relevant thing the Court would see is explicit consent to the jurisdiction of this Court by at least two of the Movants. Movant Wookyuk Yang, in an alleged counternotice to YouTube, expressly consents to the jurisdiction of this Court:

> I consent to the jurisdiction of the U.S. Federal District Court applicable to my address (or, if outside the United States, the Judicial district in which YouTube is located) and agree to accept service of process. […]
>
> **Signature**: Woohyuk Yang

D.E. No. 4 at 30 (Movants' Ex. D-2).

Movant Youngyoon Ko does the same:

> I consent to the jurisdiction of the U.S. Federal District Court applicable to my address (or, if outside the United States, the Judicial district in which YouTube is located) with respect to any legal action initiated by the claimant, and I agree to accept service of process. […]
>
> **Signature**: Youngyoon Ko

D.E. No. 4 at p. 34 (Movants' Ex. D-3).

Movants cannot now argue that a lack of personal jurisdiction can be a basis to quash a subpoena issued by Petitioner to YouTube.

1  Movants' other factual claims, about Petitioner's prior (and unrelated) infringement notices and alleged withdrawals have no bearing on the particular videos subject to the pending subpoena Movants seek to quash. Communications between Movants and YouTube appear to range between September 2024 and September 2025, well before Petitioner's November 2025 DMCA takedown notice that Petitioner relies upon for the pending subpoena. *See* Movants Ex. B. It is noteworthy that Movants present no evidence (admissible or otherwise) about the specific videos targeted in the subpoena. Petitioner's prior decisions to pursue or not pursue copyright infringement claims over specific videos are fact-specific in each instance and have no relevance to the infringement allegations over the videos identified in the subpoena.

V. **THE SUBPOENA COMPLIES WITH 17 U.S.C. § 512(h)**

Section 512(h) requires 1) a compliant § 512(c)(3)(A) notification; 2) a proposed subpoena; and 3) a sworn declaration of purpose. 17 U.S.C. § 512(h). The statute provides that the clerk "shall expeditiously issue and sign the proposed subpoena." *Id.* The issuance is ministerial. Section 512(h) of the DMCA provides a mechanism designed specifically to identify alleged infringers prior to litigation. See *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1234–35 (D.C. Cir. 2003) (discussing the purpose of 512(h) infringer identifying mechanisms). Petitioner complied with the statutory requirements and obtained a validly issued subpoena.

Movants identify no statutory defect with the subpoena process utilized by Petitioner. Substantive disagreement with the infringement claim is not grounds to quash a properly issued § 512(h) subpoena.

VI. **KADOKAWA HAS MADE A SUFFICIENT PRIMA FACIE SHOWING ON THE MERITS; FAIR USE IS AN AFFIRMATIVE DEFENSE AND CANNOT BE RESOLVED AT THE SUBPOENA STAGE**

Movants' do not deny that the elements of Petitioner's prima facie copyright infringement case, namely, that they have copied Petitioner's copyrighted work. Rather, they contend that there exist substantial questions of transformative use and fair

use. It is worth noting that claim "fair use" without specifically identifying the videos at issue or discussing how their admitted copying is fair use.

Regardless, fair use is an affirmative defense. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). It requires a fact-intensive analysis of the four statutory factors. *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985).

The Ninth Circuit repeatedly emphasizes that fair use analysis is context-dependent and fact-specific. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 529–30 (9th Cir. 2008) (citing cases). Even at the motion to dismiss stage, courts often decline to resolve fair use without a developed record. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1163–64 (9th Cir. 2007) (fair use requires detailed factual inquiry).

A motion to quash a § 512(h) subpoena is even further removed from a merits determination. It concerns only identification of the alleged infringer—not liability. Allowing uploaders to avoid identification by asserting untested affirmative defenses would undermine Congress's enforcement framework.

## VII. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests the Court deny Movants' motion to quash Petitioner's subpoena to YouTube.

Dated: February 20, 2026           GAMMA LAW, P.C.


By     /s/ Marco Martemucci
       Marco Martemucci
       Attorneys for Petitioner
       KADOKAWA Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court through CM/ECF and that the filing was served by CM/ECF and email on the pro se Movants at *nova@novalaw.kr*.

      /s/ Marco Martemucci
      Marco Martemucci