UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re 17 U.S.C. § 512(h) Subpoena to YouTube, LLC

Case No.  26-mc-80008-TLT

**REQUEST FOR FURTHER BRIEFING ON FAIR USE**

Re: Dkt. No. 4

This action arises out of a subpoena request under the Digital Millenium Copyright Act ("DMCA") to identify an alleged infringer of copyrights held by Kadokawa Corporation, a Japanese corporation specializing in the publication and distribution of Japanese novels in both tangible and digital media. Pro Se movants Bongseop Kim, Woohyuk Yang, and Youngyoon Ko (collectively "Movants") move to quash the subpoena issued on January 15, 2026.  Movants argues, among other things, that the subpoena is improper because Petitioner fails to make a prima facie showing of copyright infringement sufficient to overcome Movants' right to anonymous speech.  ECF 4 at 4.

The Ninth Circuit requires courts to consider and weigh both the anonymous speaker's First Amendment interest and the subpoenaing party's need for identifying information. *Barnes v. YouTube, Inc.*, No. 25-cv-05901, 2026 WL 412470, at *3 (N.D. Cal. Feb. 13, 2026). "Operationally, the inquiry consists of two steps." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 876. "First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim. Second, the court balances the need for the discovery against the First Amendment interest at stake." *Id.*

In this case, Movants argue that principles of fair use suggest that Petitioners cannot succeed in their claims.  ECF 4 at 3 ("Movants' content presents substantial questions of

United States District Court
Northern District of California

transformative use and fair use."). Contrary to Petitioner's contentions, "[t]o make a prima facie case of copyright infringement for the purposes of obtaining a subpoena . . . a party must make a prima facie case that the infringing use did not constitute fair use." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 879 (N.D. Cal. 2022); *see also In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.),* 581 F. Supp. 3d at 517; *see also In re DMCA Subpoena to Reddit, Inc.,* 441 F. Supp. 3d 875, 883 (N.D. Cal. 2020).

The copyright statute lays out four non-exclusive factors for evaluating whether a use constitutes non-infringing fair use. Courts are to consider:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.  On this issue, the factual record supported by admissible evidence before the Court is sparse.[1]  In order to determine whether the allegedly infringing use constitutes fair use, Movants must identify the content at issued.

By no later than **April 28, 2026**, Movants must identify the specific videos at issue and their arguments for why the content constitutes fair use.

Petitioner shall file a response by **May 12, 2026**.

Movants may file a reply by **May 22, 2026**.

IT IS SO ORDERED.

Dated: April 16, 2026

_____
TRINA L. THOMPSON
United States District Judge

---

[1] Petitioner correctly notes that foreign-language documents must be translated into English and be authenticated by sworn testimony vouching for the accuracy of the translation and describing the translator's qualifications and expertise. *See* Fed.R.Evid. 604 and 901; *see also Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 659 (N.D. Cal. 1994).

2