**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| | Case No. 3:26-mc-80008-TLT |
| In Re 17 U.S.C. § 512(h) Subpoena to YouTube, LLC, | **MOVANTS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING LATE FILING OF SUPPLEMENTAL BRIEF** |

<u>**MOVANTS' RESPONSE TO ORDER TO SHOW CAUSE**</u>

<u>**REGARDING LATE FILING OF SUPPLEMENTAL BRIEF**</u>

**I. INTRODUCTION**

Movants Bongseop Kim, Woohyuk Yang, and Youngyoon Ko (collectively, "Movants") respectfully submit this response to the Court's Order to Show Cause regarding the late filing of Movants' Supplemental Brief. The delayed submission was caused by a combination of factors beyond Movants' reasonable control: (1) the unavoidable time required for certified translation and notarization in Korea; (2) repeated technical errors in the CM/ECF electronic filing system; and (3) international mail delivery failure due to an address issue. As set forth below, these circumstances constitute *excusable neglect* or *good cause* under Federal Rule of Civil Procedure 6(b)(1)(B) and the standard set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).

**1**

## II.  STATEMENT OF FACTS

**Court Order Received — April 16, 2026.**  On April 16, 2026, the Court issued an order requiring supplemental briefing from Movants, with a filing deadline of April 28, 2026. Movants, who are residents of the Republic of Korea, received this order and immediately began preparation.

**CM/ECF Technical Errors.** Upon receipt of the Court's order, Movants first attempted to submit their supplemental brief via CM/ECF. However, repeated and unresolved technical errors prevented successful filing. As pro se foreign litigants unfamiliar with the Court's alternative filing procedures, Movants attempted submission through international mail based on their prior successful use of the same method. Notably, Movants' prior brief — Supplemental Brief in Further Support of Motion to Quash Subpoena — had been successfully delivered to the Court through international mail, leading Movants to reasonably believe the same method remained an acceptable alternative.

**Certified Translation and Notarization — April 21–27, 2026.**  On April 21, 2026, Movants contacted a certified translator to obtain a quote for notarized translation services. Certified translation for U.S. federal court purposes requires either an Apostille or a formal notarization procedure involving coordination with certified translators and notarial authorities in Korea. The completed notarized translation was received on April 27, 2026.

**International Mail Dispatch — April 27, 2026.**  On April 27, 2026 — the day before the Court's April 28 deadline — Movants dispatched Movants' Supplemental Brief via international mail. This dispatch one day prior to the deadline demonstrates Movants' good-faith effort to comply with the Court's order.

**Delivery Failure Due to Carrier Routing Issue.**  After dispatch, the international mail carrier notified Movants that delivery had failed due to international carrier routing and processing issues beyond Movants' reasonable control. Repeated delivery attempts were unsuccessful (Exhibit A - DHL Records Regarding Carrier Routing Issue). This was an external and unforeseeable circumstance largely beyond Movants' control.

**Resolution via CM/ECF — May 8, 2026.**  In order to overcome the delivery failure, one of the Movants obtained a CM/ECF electronic filing account and provided access credentials to the filer. Using this account, Movants' Supplemental Brief was successfully submitted electronically on May 8, 2026.

**III.  LEGAL ARGUMENT**

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend a deadline after it has expired if the moving party failed to act because of excusable neglect. In *Pioneer*, the Supreme Court identified four factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. 507 U.S. at 395. Each factor weighs in Movants' favor.

**A.  No Prejudice to the Opposing Party**

The brief delay of approximately ten days has caused no prejudice to the subpoena issuer. The proceedings remain at an early stage, and no hearings or substantive deadlines have been disrupted. Acceptance of the late filing does not disadvantage the opposing party in any material respect.

**B.  The Delay Was Brief and Caused No Impact on Judicial Proceedings**

The filing was submitted on May 8, 2026, ten days after the April 28 deadline. This is a brief delay that has not disrupted the Court's schedule or the orderly conduct of these proceedings. Courts have routinely found comparable or longer delays to constitute excusable neglect where good cause is shown.

**C.  The Delay Was Caused by Circumstances Beyond Movants' Reasonable Control**

The delay resulted from a combination of factors largely outside Movants' control:

(a) **CM/ECF Technical Failures.**  Movants, as pro se foreign litigants, encountered repeated and unresolved technical errors when attempting to file via CM/ECF. Movants therefore attempted submission through international mail.

(b) **Unavoidable Translation and Notarization Delay.**  Certified translation and notarization for U.S. federal court purposes is a multi-step process. Movants initiated this process immediately upon receipt of the Court's order (April 16), contacted a certified translator on April 21, and received completed documents on April 27. This timeline reflects diligent effort under the circumstances.

(c) **International Mail Delivery Failure.**  Despite dispatching the brief on April 27 — the day before the deadline — delivery was delayed due to international carrier routing and recipient-information issues identified by DHL (Exhibit A - DHL Records Regarding Carrier Routing Issue). International mail to U.S. federal courts typically takes 7 to 14 days; the delivery failure was not attributable to any negligence by Movants.

**D.  Movants Acted in Good Faith Throughout**

Movants' conduct throughout demonstrates consistent good faith. They immediately began preparation upon receiving the Court's order, initiated the translation process without delay, dispatched the brief before the deadline, and promptly notified opposing counsel regarding the delivery delay while providing an electronic copy of the Supplemental Brief as the physical delivery remained in transit (Exhibit B - Notice to Opposing Counsel Regarding Delivery Delay). Upon learning that the delivery issue remained unresolved, Movants promptly obtained a CM/ECF account and successfully filed electronically. At no point did Movants exhibit indifference or intentional delay.

**E. Federal Policy Favoring Resolution on the Merits and Leniency Toward Pro Se Litigants**

Federal courts generally favor resolving matters on the merits rather than through procedural default, particularly where pro se litigants have made good-faith efforts to comply with procedural requirements. Here, Movants made repeated good-faith efforts to file the Supplemental Brief through multiple methods and ultimately succeeded in electronically filing the brief.

Moreover, the Supplemental Brief provides the fair use information specifically requested by the Court. Under these circumstances, acceptance of the filing would best serve the interests of justice and efficient adjudication on the merits.

**IV. CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court accept the late filing of Movants' Supplemental Brief and decline to strike the submission. The delay was brief, caused no prejudice, resulted from circumstances beyond Movants' reasonable control, and Movants acted in good faith at every stage. Accordingly, the Court should find that excusable neglect or good cause exists under Federal Rule of Civil Procedure 6(b).

Dated: May 19, 2026                    Respectfully submitted,

*/s/ Bongseop Kim*

Bongseop Kim

*/s/ Woohyuk Yang*

Woohyuk Yang

*/s/ Youngyoon Ko*

Youngyoon Ko

Pro Se Movants

Phone: +82-10-2630-4047

Email: nova@novalaw.kr (for correspondence)