UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re 17 U.S.C. § 512(h) Subpoena to YouTube, LLC

Case No.  26-mc-80008-TLT

**ORDER RE: MOTION TO QUASH SUBPOENA**

Re: Dkt. No. 4

This action arises out of a subpoena request under the Digital Millenium Copyright Act ("DMCA") to identify an alleged infringer, or infringers, of copyrights held by KADOKAWA Corporation ("Petitioner").  Pro Se Movants Bongseop Kim, Woohyuk Yang, and Youngyoon Ko (collectively "Movants") move to quash the subpoena issued on January 15, 2026.

For the reasons discussed below, the Court **DENIES** Movants' motion to quash the subpoena.

## I.    BACKGROUND

Petitioner, KADOKAWA Corporation, is a Japanese corporation that specializes in in the publication and distribution of Japanese novels in both tangible and digital media.  ECF 1-3, Declaration of Hiroyuki Nakajima ("Nakajima Decl.") ¶ 3.  Numerous titles published by KADOKAWA have achieved a high degree of popularity worldwide, including in the United States. *Id.*

Petitioner claims that some of its original works have been copied, published, displayed or distributed (in whole or in part) by certain uses of YouTube, LLC ("YouTube") without Petitioner's authorization.  *Id.* ¶ 4. URLs containing the infringing content and user email account information are identified in the DMCA notice KADOKAWA sent to YouTube on November 21, 2025.  ECF 1-4.

YouTube's policies require a subpoena or court order to compel the company to disclose information about a YouTube user or account used in furtherance of the infringement of another's copyrights. *Id* ¶ 6. Petitioner's subpoena is sought is to obtain the identities of the alleged infringer(s) described in the DMCA notice and Petitioner attests that such information will only be used for the purpose of protecting Petitioner's copyrights.

Movants are South Korean nationals residing in the Republic of Korea. ECF 4 at 1. Movants operate Korean-language YouTube channels about animation reviews, subjective analysis and cultural commentary. *Id.* They contend that their content is not intended for an audience in the United States. *Id.* Movants YouTube videos include displays of content protected by Petitioner's copyright.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. Rule 45 provides that a court "must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

"[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Loop AI Labs Inc v. Gatti*, No. 15-cv-00798, 2016 WL 787924, at *2 (N.D. Cal. Feb. 29, 2016) (citing *Gonzales v. Google*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)). The party who moves to quash a subpoena bears the "burden of persuasion" under Rule 45(c)(3). *Id.* (citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citations omitted)).

A party generally lacks standing under Federal Rules of Civil Procedure Rule 45(c)(3) to challenge a subpoena issued to a non-party "unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Id.* (citing *In re REMEC, Inc. Sec. Litig.*, No. CIV 04-cv-1948, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) (citing *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004); *In re Cree Inc. Sec. Litig.*, 220 F.R.D. 443 (M.D.N.C. 2004)); *see also Moon*, 232 F.R.D. at 636 ("A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a

United States District Court
Northern District of California

2

motion to quash."). "A party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *In re REMEC*, 2008 WL 2282647, at *1.

### III.    DISCUSSION

Movants argue that the subpoena should be quashed because (1) the Court lacks personal jurisdiction over Movants and that international law warrants granting the motion; (2) the subpoena is being sought for the improper purpose of harassing content creators; (3) Petitioner has failed to make a prima facie showing sufficient to overcome Movants' right to privacy and anonymous speech. ECF 4.

First, in this procedural posture, "it is premature to evaluate their jurisdictional defenses." *Liberty Media Holdings, LLC v. Does 1-62*, No. 11-cv-575, 2012 WL 628309, at *3 (S.D. Cal. Feb. 24, 2012). "[A]ssuming that Movants will ultimately be named as defendants, they will have the opportunity to assert their jurisdictional defenses once they are served with process, either in their answers or in pre-answer motions to dismiss." *Id*; *see also London–Sire Records, Inc. v. Doe 1*, 542 F.Supp.2d 153, 180–81 (D.Mass.2008) (denying motion to quash for lack of personal jurisdiction filed by Jane Doe defendant because jurisdictional discovery might establish a basis for jurisdiction); *Sony Music Entm't v. Does 1–40*, 326 F.Supp.2d 556, 567–68 (S.D.N.Y. July 26, 2004) (concluding that it would be premature to determine that personal jurisdiction is lacking before the defendant had been identified). Accordingly, the Court finds Movants' jurisdictional arguments premature and declines to quash Petitioner's subpoena for lack of personal jurisdiction. *Liberty Media Holdings, LLC,* 2012 WL 628309, at *3 (same); *See also, Malibu Media, LLC v. Does 1-25*, No. 12-cv-0362, 2012 WL 2367555, at *3 (S.D. Cal. June 21, 2012) (denying motion to quash on the basis of movant's claim of lack of personal jurisdiction).

Second, Section 512(h) requires (1) a compliant § 512(c)(3)(A) notification; (2) a proposed subpoena; and (3) a sworn declaration of a proper purpose. 17 U.S.C. § 512(h). Petitioner may properly move for the issuance of a subpoena to identify potential copyright infringers. *See* 17 U.S.C. § 512(h)(2)(C) (requiring "a sworn declaration to the effect that the purpose for which the

United States District Court
Northern District of California

3

subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title"); *see also In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 518 (S.D.N.Y. 2022). Thus, Movants have not provided sufficient evidence to suggest that Petitioner requested a subpoena in bad faith.

Regarding Movants' third argument, it is true that the Ninth Circuit requires a court to consider and weigh both the anonymous speaker's First Amendment interest and the subpoenaing party's need for identifying information. *Barnes v. YouTube, Inc.*, No. 25-cv-05901, 2026 WL 412470, at *3 (N.D. Cal. Feb. 13, 2026). "Operationally, the inquiry consists of two steps." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 876. "First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim. Second, the court balances the need for the discovery against the First Amendment interest at stake." *Id.* In this case, Movants argue that the fair use doctrine dooms Petitioner's ability to succeed on the merit of their claims. ECF 4 at 3; ECF 10 at 5. "To make a prima facie case of copyright infringement for the purposes of obtaining a subpoena . . . a party must make a prima facie case that the infringing use did not constitute fair use." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 879 (N.D. Cal. 2022); *see also In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.),* 581 F. Supp. 3d at 517; *see also In re DMCA Subpoena to Reddit, Inc.,* 441 F. Supp. 3d 875, 883 (N.D. Cal. 2020).

The copyright statute lays out four non-exclusive factors for evaluating whether a use constitutes non-infringing fair use. Courts are to consider:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

The factual record supported by admissible evidence before the Court is sparse. This is because "[w]itness testimony translated from a foreign language must be properly authenticated

United States District Court
Northern District of California

and any interpretation must be shown to be an accurate translation done by a competent translator." *Martinez-Gonzalez v. Elkhorn Packing Co., LLC*, No. 18-cv-05226, 2019 WL 13119015, at *2 (N.D. Cal. Mar. 11, 2019) (citing *Kesel v. United Parcel Serv., Inc.*, No. 00-cv-3741, 2002 WL 102606, at *3 (N.D. Cal. Jan. 17, 2002) (citing Fed. R. Evid. 604, 901), *aff'd*, 339 F.3d 849 (9th Cir. 2003)).  Yet, Movants have failed to provide a reliable translation.  Movants need not show that their translator was a court certified translator, but must provide sufficient indicia of reliability, such as a declaration from the translator attesting to their qualifications, for the Court to determine make a credibility assessment.  *See Quezada v. Schneider Logistics Transloading & Distribution*, No. CV 12-2188 CAS DTBX, 2013 WL 1296761, at *3 (C.D. Cal. Mar. 25, 2013) (admitting translation where the translator "provided a sworn declaration stating that she is 'fluent in both the English and Spanish languages,' and that she 'truthfully and correctly translated' the challenged declarations," and rejecting objector's argument that "only court certified translators are qualified under Rule 604").  Movants provide no declaration from Seo, Minkyung attesting that the translator is fluent in both English and Korean, but provide a declaration from Petitioner Bongseop Kim who claims that Seo, Minkyung "is proficient in both Korean and English."  Movants also include what appears to be a Korean "Notarial Certificate" where Seo, Minkyung attests "I swear that the attached translation is true to the original."  ECF 15.  These cursory attestations provide no information about the translator's qualifications, expertise, or process.  *See Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 659 (N.D. Cal. 1994) (rejecting translations where the accompanying certification does not describe the maker's qualification or expertise regarding language translation, and does not state whether the maker did the translations).  Therefore, the Court cannot admit as reliable evidence the foreign-language exhibits Movants attach to their briefing.

Movants state that "[t]he videos were made private or removed precisely to mitigate further dispute and reduce potential harm during the pendency of these proceedings."  ECF19 at 5.  Thus, the Court cannot review the videos for itself.  Again, the factual record before the Court is limited.

Whereas Movants concede that the second of the fair use factor weighs in favor of

United States District Court
Northern District of California

Petitioner, ECF 19 at 8, this Court is tasked with assessing whether (1) the purpose of the use, (2) amount of copying, and (3) commercial impact of the use by Movants protects their YouTube videos from a copyright infringement claim.  This Court finds that Petitioner has shown that the fair use doctrine does not protect Movants' use of Petitioner's animations.  Movants reproduce significant portions of Petitioner's copyrighted content for what they describe as "Korean-language framing, creator-driven commentary, analytical perspective, and selective emphasis designed for a Korean speaking audience."  ECF 19 at 8; ECF 14 at 5–11 (describing original contributions as "subjective interpretation, analysis, explanation, editing, and voice narration" as well as "reactions, sound effects, and modified subtitles").  Petitioner claims that Movants' original contributions to Petitioner's work constitute only a small portion of the YouTube videos and that the contributions are primarily comprised of summaries of the plot and events.  ECF 16 at 10–11.  Based on the limited record before the Court, Movants work appears to describe and narrate Petitioner's copyrighted work.  Unlike criticizing, parodying, or otherwise altering copyrighted work, Movants' treatment of Petitioner's work is not the sort of creative and transformative use of a copyrighted work that the law permits.  *Compare Barnes*, 2026 WL 412470, at *4 (denying motion to quash a subpoena, and finding copyright owner made a prima facie showing of copyright infringement, where movant operated a YouTube channel with videos that included narrations of different chapters of copyrighted literature) *with In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 519 (S.D.N.Y. 2022) (noting that videos which "criticize, satirize, and comment" on a copyrighted work constitutes fair use).  Finally, even where the financial impact of a reproducer's use does not have a substantial effect on the market for the copyright holder, the commercial use and exclusive right to use the copyrighted work alone weighs in favor of declining to apply the fair use doctrine.  *See Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1115 (9th Cir. 2000) (noting that a copyright owner's exclusive right to reproduction of a work "is not diminished or qualified by the fact that [the owner] does not realize monetary benefit").

//

//

6

For the reasons stated above, the Court finds that Petitioner has made a prima facie showing of copyright infringement. Thus, the balance of harm and competing interests weigh in favor of Petitioner.

## IV.    CONCLUSION

The Court **DENIES** Movants' motion to quash the subpoena.

This Order resolves ECF 4.

IT IS SO ORDERED.

Dated: July 17, 2026

_____
TRINA L. THOMPSON
United States District Judge