UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In Re 17 U.S.C. § 512(h) Subpoena to<br>YouTube, LLC, | Case No. 3:26-mc-80008-TLT<br><br>MOVANTS' MOTION FOR STAY<br>OF ORDER PENDING APPEAL |

**1**

TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................................................... 2

I.  INTRODUCTION ....................................................................................................................... 3

II. PROCEDURAL BACKGROUND ............................................................................................. 3

III. LEGAL STANDARD ................................................................................................................ 3

IV. ARGUMENT ............................................................................................................................. 4

    *A. The Appeal Presents Serious Jurisdictional Questions Warranting Appellate Review* ........................... 4

    *B. Movants Have Raised Serious Legal Questions Going to the Merits* .............................................. 5

    *C. Movants Will Suffer Irreparable Harm Absent a Stay* ....................................................... 6

    *D. A Stay Will Not Substantially Injure Petitioner* ......................................................... 6

    *E. The Public Interest Favors a Stay* ....................................................................... 7

V.  REQUEST FOR PROMPT CONSIDERATION .................................................................... 8

VI.  CONCLUSION ...................................................................................................................... 8

## I.  INTRODUCTION

Pro se Movants Bongseop Kim, Woohyuk Yang, and Youngyoon Ko ("Movants") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure 8(a)(1), for a stay pending appeal of the Court's Order Re: Motion to Quash Subpoena (Dkt. No. 20, the "Order"), entered July 17, 2026, denying Movants' Motion to Quash Subpoena (Dkt. No. 4). Movants have filed, concurrently with this motion, a Notice of Appeal from the Order to the United States Court of Appeals for the Ninth Circuit.

Absent a stay, Petitioner KADOKAWA Corporation ("Petitioner") may proceed to obtain Movants' personally identifying information from YouTube, LLC before the Ninth Circuit has had any opportunity to review the Order. That disclosure cannot be undone. A stay pending appeal is necessary to preserve the status quo and to prevent the appeal from becoming moot as a practical matter.

## II. PROCEDURAL BACKGROUND

Petitioner served a DMCA takedown notice on YouTube on November 21, 2025, and thereafter obtained a subpoena under 17 U.S.C. § 512(h), issued January 15, 2026, seeking Movants' identifying information. Dkt. No. 1. Movants, appearing pro se, moved to quash the subpoena on February 5, 2026, arguing, among other things, lack of personal jurisdiction, insufficient prima facie showing of infringement, and fair use. Dkt. No. 4. Petitioner opposed. Dkt. No. 9. Following further briefing on fair use, Dkt. No. 16, the Court denied Movants' motion to quash on July 17, 2026, finding that Petitioner had made a prima facie showing of infringement and that Movants' evidence, including foreign-language exhibits, could not be considered because Movants had not adequately authenticated the underlying translations. Dkt. No. 20 at 4–6.

Movants are South Korean nationals residing in the Republic of Korea who operate Korean-language YouTube channels. Dkt. No. 4 at 1–2. This motion follows.

## III. LEGAL STANDARD

A stay pending appeal is "an exercise of judicial discretion," and "the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433—34 (2009). Courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The first two factors are the most critical, and courts in this Circuit apply a sliding scale under which "the elements of the [] test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Leiva-Perez v. Holder, 640 F.3d 962, 964 (9th Cir. 2011).

## IV. ARGUMENT

### *A. The Appeal Presents Serious Jurisdictional Questions Warranting Appellate Review*

As a threshold matter, the Order is a final, appealable order under 28 U.S.C. § 1291. This case arises from an independent miscellaneous proceeding under 17 U.S.C. § 512(h), and the Court's July 17, 2026 Order conclusively resolved the only matter before the District Court by denying Movants' Motion to Quash and leaving nothing further to be adjudicated. The Ninth Circuit has itself exercised § 1291 jurisdiction over an appeal from a district court's disposition of a § 512(h) motion to quash on this basis. See In re Subpoena of Internet Subscribers of Cox Communications, LLC, No. 24-3978, 2025 WL 2371947 (9th Cir. Aug. 15, 2025) ("We have jurisdiction pursuant to 28 U.S.C. § 1291.") (affirming district court's order quashing § 512(h) subpoena).

Even if the Order were not treated as independently final under § 1291, immediate appellate review would nonetheless be warranted under the Perlman doctrine. The subpoena at issue is directed not to Movants, but to a disinterested third party—YouTube LLC—which possesses Movants' identifying information and has no incentive to risk a contempt citation to protect Movants' interests. Once YouTube complies with the subpoena, Movants' anonymity will be irretrievably lost, and no subsequent appellate decision could restore the status quo. Courts have long recognized that such circumstances present a paradigmatic, alternative basis for immediate appellate review. See Perlman v. United States, 247 U.S. 7, 12–13 (1918); Alexiou v. United States (In re Subpoena to Testify Before the Grand Jury), 39 F.3d 973, 975 (9th Cir. 1994) ("[A]n immediate appeal is proper when the subpoena is directed to a third party... because that party normally will not be expected to risk a contempt citation but will instead surrender the sought-after information.").

**4**

Accordingly, whether analyzed under ordinary finality principles or under Perlman, Movants have at a minimum raised a serious question warranting preservation of the status quo while the Court of Appeals determines its jurisdiction and considers the merits of Movants' appeal.

### B. Movants Have Raised Serious Legal Questions Going to the Merits

A movant need not show an absolute certainty of success; it is enough to raise "serious legal questions" on the merits when, as here, the balance of hardships tips sharply in the movant's favor. Leiva-Perez, 640 F.3d at 967–68. Movants identify at least three such questions.

First, the Order resolves contested, fact-intensive fair use factors — including the nature of Movants' original contributions, the amount of Petitioner's material actually used, and market effect — on a truncated pre-discovery record, in a proceeding whose function under 17 U.S.C. § 512(h) is ordinarily limited to whether Petitioner has made a prima facie showing sufficient to proceed with identification, not to finally resolve the affirmative defense of fair use itself. See In re DMCA § 512(h) Subpoena to Twitter, Inc., 608 F. Supp. 3d 868, 876, 879 (N.D. Cal. 2022) (two-step inquiry requires only a prima facie showing before balancing, not adjudication of the defense). Petitioner itself argued below that "fair use is an affirmative defense" that "requires a fact-intensive analysis" not suited to resolution "even at the motion to dismiss stage" without a developed record. Dkt. No. 9 at 4–5 (citing Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1163–64 (9th Cir. 2007)). Movants respectfully submit that the Order's fair use findings went further than the identification-stage inquiry requires or than the existing record permits.

Second, Movants submitted a notarized translator's certificate attesting to the accuracy of the Korean-language exhibits and a declaration identifying the translator. Dkt. No. 20 at 5. The Order nonetheless excluded this evidence for want of a separate declaration describing the translator's specific qualifications. Whether that evidentiary standard was correctly applied to pro se, foreign-national movants — particularly given the "sufficient indicia of reliability" standard the Order itself cites, see Quezada v. Schneider Logistics Transloading & Distribution, No. CV 12-2188, 2013 WL 1296761, at *3 (C.D. Cal. Mar. 25, 2013) — presents a serious question for appellate review.

Third, Movants raised substantial jurisdictional concerns arising from the undisputed fact that they are South Korean nationals residing in South Korea who operate Korean-language YouTube channels directed overwhelmingly to a Korean audience. Movants presented evidence

that approximately 92% to 96% of their viewers are located in South Korea, with less than one percent located in the United States, and that they neither target nor conduct business in the United States. Dkt. No. 4.

Although the Court concluded that it was premature to resolve Movants' personal jurisdiction arguments at the subpoena stage, that conclusion itself illustrates why a stay is warranted. If YouTube discloses Movants' identities before those jurisdictional issues can ever be meaningfully litigated, the resulting loss of anonymity cannot be undone, even if Movants ultimately prevail on jurisdictional or other defenses in subsequent proceedings. Preserving the status quo pending appellate review is therefore essential to ensuring that those jurisdictional questions remain capable of meaningful judicial review.

### C. Movants Will Suffer Irreparable Harm Absent a Stay

Disclosure of Movants' identities to Petitioner cannot be reversed. Once Petitioner obtains Movants' personally identifying information from YouTube, no ruling by the Ninth Circuit can restore Movants' anonymity or undo whatever use Petitioner makes of that information. Courts have long recognized that the compelled loss of anonymity attendant to unmasking an anonymous online speaker is itself a cognizable and typically irreparable injury, particularly where, as here, the speakers are foreign nationals whose channels operate under Korean law and for a predominantly Korean audience, Dkt. No. 4 at 1, and who assert that disclosure risks harassment and reputational harm, id. at 4.

Indeed, absent a stay, the appeal itself will be rendered meaningless as a practical matter. By the time the Ninth Circuit has an opportunity to determine its jurisdiction and consider the merits of Movants' appeal, YouTube may already have disclosed Movants' identities to Petitioner. Even if Movants ultimately prevail on appeal, the very relief sought—the preservation of their anonymity pending judicial review—will have been permanently lost. A stay is therefore necessary to preserve the status quo and to ensure that appellate review remains meaningful.

This injury is precisely the kind that cannot be remedied after the fact: an appeal that succeeds only after Movants' identities have already been disclosed provides no effective relief. A stay pending appeal is the only means of preserving Movants' ability to obtain meaningful appellate review.

### D. A Stay Will Not Substantially Injure Petitioner

Petitioner faces, at most, the ordinary delay inherent in any appeal. Petitioner has not alleged that it will lose the ability to pursue its claims, that evidence will be lost, or that any applicable limitations period is about to expire. The only consequence of a temporary stay is that Petitioner must await appellate review before obtaining Movants' identifying information.

Moreover, Petitioner's own filings reflect a pattern of copyright enforcement against Movants extending back to at least September 2024. Dkt. No. 4, Ex. B. Petitioner has likewise been aware of Movants' objection to disclosure since at least February 2026, when Movants filed their Motion to Quash. Under these circumstances, preserving the status quo during the relatively brief period required for appellate review does not impose any meaningful additional hardship on Petitioner.

By contrast, denial of a stay would permanently deprive Movants of the very relief they seek on appeal by allowing disclosure of their identities before appellate review can occur. Unlike Petitioner, Movants cannot be restored to the status quo once their identities have been disclosed. The balance of hardships therefore weighs decisively in favor of preserving the status quo pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009).

### E. The Public Interest Favors a Stay

The public has a substantial interest in ensuring that identification subpoenas under 17 U.S.C. § 512(h)—an "extraordinary remedy," Dkt. No. 4 at 5, that irreversibly strips anonymity from internet speakers before any adjudication of liability—are subject to meaningful appellate review before they are executed. That interest is particularly strong where, as here, the affected speakers are foreign nationals residing outside the United States and the appeal presents important questions concerning fair use, the reliability of translated evidence, and the proper scope of a prima facie showing at the identification stage.

The public also has a significant interest in preserving meaningful appellate review of important legal questions concerning the scope of § 512(h) subpoenas, the protection of anonymous online speech, and the circumstances under which foreign speakers may be compelled to disclose their identities before any adjudication of liability. Granting a stay will allow the Ninth Circuit to consider these issues before Movants' anonymity is irreversibly lost.

Preserving the status quo pending appeal therefore serves the public interest in the orderly and correct development of the law under § 512(h), while ensuring that appellate review remains

**7**

meaningful rather than merely theoretical. By contrast, denying a stay would permit disclosure to occur before the Ninth Circuit has an opportunity to address these important legal issues, effectively depriving Movants of the principal relief sought on appeal.

## V.  REQUEST FOR PROMPT CONSIDERATION

Because a stay is meaningful only if granted before Petitioner obtains Movants' identifying information from YouTube, Movants respectfully request that the Court act on this motion promptly and, to the extent necessary to prevent disclosure while the motion is under consideration, enter a brief administrative stay pending its ruling. Should the Court deny this motion, Movants intend to renew the request before the United States Court of Appeals for the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2).

## VI.  CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court stay the Order (Dkt. No. 20) pending the resolution of Movants' appeal to the United States Court of Appeals for the Ninth Circuit, or, in the alternative, enter a short administrative stay to permit orderly consideration of this motion and, if necessary, an application to the Ninth Circuit.

Dated: July 28, 2026                    Respectfully submitted,

*/s/ Bongseop Kim*

Bongseop Kim

*/s/ Woohyuk Yang*

Woohyuk Yang

*/s/ Youngyoon Ko*

Youngyoon Ko

Movants Pro Se

Phone: +82-10-2630-4047

Email: nova@novalaw.kr (for correspondence)

**8**